EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Newark Area Office
One Newark Center, 21st Floor
Newark, NJ 07102-5233
Jeffrey Burstein, Trial Attorney
973-645-2267
Fax: 973-645-4524
jeffrey.burstein@eeoc.gov

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 DEC 20  A 9: 48

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------x
EQUAL EMPLOYMENT OPPORTUNITY :
COMMISSION, :
  :
          Plaintiff, : Civil Action No. 07-6045 (KSH)
  :
     v. : COMPLAINT
  : AND JURY TRIAL DEMAND
CONOCOPHILLIPS COMPANY, :
  :
          Defendant. :
------------------------------------------------------------x

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and to provide appropriate relief to Clarence Taylor, who was adversely affected by such practices. As alleged with greater particularity below, ConocoPhillips Company ("Defendant"), at its Bayway Refinery, located at 1400 Park Avenue, Linden, New Jersey, where Mr. Taylor was and remains employed, subjected Mr. Taylor to discrimination on the basis of his religion, Protestant, by refusing to reasonably accommodate his religious observance, practice and beliefs and his request for reasonable accommodation to enable him to attend church services on Sunday mornings.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706 (f)(1) and (3) of Title VII, 42 U.S.C. §§2000e -5 (f)(1) and (3).

4. At all relevant times, Defendant has been a Delaware corporation doing business in the State of New Jersey and the City of Linden, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously engaged in an industry affecting commerce within the meaning of Sections 701 (b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

6. At all relevant times, Defendant employed Clarence Taylor.

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Mr. Taylor filed a charge with the Commission alleging violations of Title VII based on conduct by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Mr. Taylor has been employed as a Pipe Fitter at Defendant's Bayway Refinery in Linden, New Jersey since 1975.

9. Defendant acquired ownership and operation of the Bayway Refinery, and has employed Mr. Taylor, since 2002.

10. Mr. Taylor is a practicing Protestant who as part of his religious observance, practice and beliefs, had attended and continues to regularly attend religious services on Sundays at Grace Church in Howell, New Jersey, where he routinely performed, and continues to perform, various tasks for the Church for its Sunday services.

11. Until May 2006 Mr. Taylor had been working for many years at Defendant's Bayway Refinery on a work schedule that did not require that he work on Sundays, except for very infrequent, isolated occasions.

12. In 2006 Defendant engaged in unlawful employment practices at its Bayway Refinery in Linden, New Jersey, in violation of Sections 701(j) and 703(a) of Title VII, 42 U.S.C. §§ 2000e and 2000e-2. These practices included but were not limited to the following:

    a. In or around early May 2006 Defendant told Mr. Taylor that he was being forced to work a new 12-week shift that required him to work every Sunday from 6:00 a.m. through 6:00 p.m.;

    b. The new schedule would require that Mr. Taylor miss Sunday morning church services and would conflict with his religious observance, practice and beliefs;

    c. Soon after Defendant told Mr. Taylor that he would have to work the new shift that would conflict with his religious observance, practice and beliefs, Mr. Taylor met with a supervisor in his department and with Defendant's Labor Relations Coordinator and requested an

accommodation by Defendant to allow him to attend church services on Sunday mornings;

d. Defendant, through its representatives, told Mr. Taylor that his only option was to request permission from his supervisor to take a full 12 hours of vacation time on Sunday, who would have to approve each such request, and that if he did not attend work on a Sunday without such a pre-approved vacation day, he could be fired;

e. Despite the fact that his accrued vacation time would have been depleted by taking off each Sunday during this shift assignment, Mr. Taylor requested to take off Sundays using vacation days;

f. Defendant granted Mr. Taylor's first two requests to take off Sundays using vacation days, but rejected Mr. Taylor's third request and required Mr. Taylor to work on Sunday despite Mr. Taylor's request for a reasonable accommodation for his religious observation, practice and beliefs;

g. Mr. Taylor worked on Sundays for the remaining two months in the 12-week shift and was unable to attend the Sunday church services he had previously routinely attended;

h. Defendant did not engage in any interactive process with Mr. Taylor to attempt to accommodate his religious observance, practice and beliefs, as required by Title VII;

i. Defendant did not reasonably accommodate Mr. Taylor's religious observance, practice and beliefs, as required by Title VII.

4

13. The effect of the practices complained of in paragraph 12 above has been to deprive Mr. Taylor of equal employment opportunities and otherwise adversely affect Mr. Taylor's status as an employee because of his religion, and has caused him injury and damages.

14. The unlawful employment practices complained of in paragraph 12 above were intentional.

15. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Mr. Taylor.

## **PRAYER FOR RELIEF**

Therefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from failing to provide reasonable accommodations to its employees for their religious observations, practices and beliefs, and enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any other employment practice which discriminates on the basis of religion.

B. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to institute and carry out policies, practices, and programs which provide equal opportunities and reasonable accommodations for employees for their religious observations, practices and beliefs and which eradicate the effects of its unlawful employment practices.

C. Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Taylor by providing appropriate back pay with

prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

      D.      Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to make whole Mr. Taylor by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

      E.      Order Defendant, its officers, successors, assigns, and all persons in active concert or participation with them, to pay Mr. Taylor punitive damages for their malicious and reckless conduct described above, in amounts to be determined at trial.

      F.      Grant such further relief as the Court deems necessary and proper in the public interest.

      H.      Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: December 20, 2007  
Newark, New Jersey

Respectfully submitted,  
Ronald S. Cooper, General Counsel  
James L. Lee, Deputy General Counsel  
Gwendolyn Y. Reams, Associate General Counsel  
EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
1801 L Street, N.W.  
Washington, D.C. 20507

_____  
Elizabeth Grossman  
Regional Attorney  
212-336-3696  
elizabeth.grossman@eeoc.gov

_____  
Judy Keenan  
Supervisory Trial Attorney  
212-336-3705  
judy.keenan@eeoc.gov  
EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
New York District Office  
33 Whitehall St., 5th Floor  
New York, NY 10004-2112  
Facsimile No.: 212-336-3623

_____  
Jeffrey Burstein  
Trial Attorney  
EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
Newark Area Office  
One Newark Plaza  
Newark, NJ 07102  
Telephone No.: 973-645-2267  
Facsimile No.: 973-645-4524  
Email: jeffrey.burstein@eeoc.gov

RECEIVED-CLERK  
U.S. DISTRICT COURT  
2007 DEC 20 A 9:14